UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60941-CV-DIMITROULEAS

JOSE ISAIAS VASQUEZ VASQUEZ,

     Petitioner,

v.

CYNTHIA SWAIN, in her
Official capacity as Warden of Broward
Transitional Center, *et. al.*

     Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner JOSE ISAIAS VASQUEZ VASQUEZ ("Petitioner")'s Petition for Writ of Habeas Corpus [DE 1], filed April 3, 2026. The Court has considered the Petition, the Respondent's April 9, 2026, Response [DE 7], Petitioner's April 13, 2026 Reply [DE 9], and is otherwise fully advised in the premises.

Upon careful consideration of the arguments presented by both sides, the Court is persuaded by the reasoning and conclusion of the recent decision entered on February 6, 2026 by the Fifth Circuit Court of Appeals, holding that the noncitizen petitioners in removal proceedings were subject to mandatory detention under 28 U.S.C. § 1225(b)(2) because they were present in the United States without being admitted or paroled, despite having entered illegally many years ago. *See Buenrostro-Mendez v. Bondi et al.*, Case. Nos. 25-20496; 25-40701 (Feb. 6, 2026).  The Court adopts the analysis of the majority opinion of that decision as if set forth herein. *See also Herrera Avila v. Bondi et al.*, Case. Nos. 25-3248 (8th Cir., Mar. 25, 2026) (agreeing with analysis in *Buenrostro-Mendez v. Bondi*; reversing district court's holding that the Government could not detain petitioner without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Petition for Writ of Habeas Corpus [DE 1] is **DENIED**.

2.  The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of April, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record